INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, District Lodge 190; Local Lodge 1414, AFL–CIO, Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent,

International Longshore & Warehouse Union, Locals 10 and 75, Respondent–Intervenor.

SSA Terminals, LLC, Petitioner,

v.

National Labor Relations Board, Respondent,

International Longshore & Warehouse Union, Locals 10 and 75, Respondent–Intervenor.

Nos. 05–75731, 05–76999.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 17, 2007.

Filed Oct. 30, 2007.

David A. Rosenfeld, Esq., Weinberg Roger & Rosenfeld, Alameda, CA, for Petitioner.

Eric G. Moskowitz, Esq., Nancy E. Kessler Platt, Kye D. Pawlenko, NLRB—National Labor Relations Board Contempt Litigation & Compliance Branch, Washington, DC, for Respondent.

Beth A. Ross, Esq., Leonard Carder, Jacob Rukeyser, Leonard, Carder, Nathan, Zuckerman, Ross, Chin & Remar, San Francisco, CA, for Respondent–Intervenor.

Before: BEEZER, TROTT, and GRABER, Circuit Judges.

MEMORANDUM *

This case arises from a dispute between two unions and an employer over the allocation of work. Petitioners International Association of Machinists & Aerospace Workers ("IAM") and SSA Terminals, LLC, seek judicial review of Respondent National Labor Relations Board's order quashing a notice of hearing in a proceeding initiated under § 10(k) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 160(k).

The Board's findings of fact are conclusive if supported by substantial evidence. 29 U.S.C. § 160(e)–(f). "Under this standard, a finding will not be disturbed if supported by 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Howard v. FAA*, 17 F.3d 1213, 1216 (9th Cir.1994) (quoting . *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). We must consider "the record as a whole, ... weighing both the evidence that supports and the evidence that detracts from the [agency's] decision." *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir.2001).

In this case, there was testimony that, prior to 2004, workers represented by the International Longshore and Warehouse Union ("ILWU") had exclusively per-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

formed the "reefer" work at Howard Terminal regardless of the ownership of the containers. Furthermore, the record contains, and the Board's decision discussed, the collective bargaining agreement between IAM and SSA, the collective bargaining agreement between ILWU and SSA, and the arbitration decisions of both arbitrator Souza and arbitrator Sutliffe. Therefore, viewing the Board's findings of fact "with a deferential eye," *Recon Refractory & Constr. Inc. v. NLRB*, 424 F.3d 980, 986 (9th Cir.2005), we hold that the findings as to the substance of the controversy as a work preservation dispute and not a jurisdictional dispute were supported by substantial evidence on the record as a whole.

The Board's legal conclusions are entitled to "considerable deference" and must be upheld unless arbitrary and capricious or based upon a mistake of law. *Recon*, 424 F.3d at 987. Likewise, "[i]f the Board's construction of the [NLRA] is 'reasonably defensible,' it should not be rejected merely because the courts might prefer another view of the statute." *USCP–WESCO, Inc. v. NLRB*, 827 F.2d 581, 583 (9th Cir.1987). Thus, we owe deference to the Board's application and understanding of § 10(k), the result of which is to maintain the status quo until the parties bargain for a new contract. Notwithstanding the somewhat abstruse penultimate paragraph—and corresponding footnote—of the Board's decision, the *holding* in the preceding paragraph of the Board's decision is clear and represents a permissible interpretation of the situation. Furthermore, the Board reasonably relied upon *Teamsters Local 578 (Uscp–Wesco, Inc.)*, 280 N.L.R.B. 818 (1986), and *(Recon Refractory & Constr. Inc.)*, 339 N.L.R.B. 825 (2003)—each dealing with the same specific issue and the same critical facts as this case—in concluding that this dispute was a work preservation dispute occa-

sioned by the employer's unilateral actions. The Board's legal conclusions are therefore neither arbitrary and capricious nor based upon a mistake of law.

**AFFIRMED.**